UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA FIORENTINO, Individually and as Parent and Natural Guardian of JARED DARDEEN and CODY NONNENMACHER | : | |
| VS. | : | C.A. NO. 04-501 |
| THEODORE BROTHER | : | |

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO RULE 26(c)**

Now comes the defendant, Theodore Brother, and moves this Honorable Court for a protective order relative to plaintiff's notice of deposition and subpoena of the Keeper of Records of Allstate Insurance Company, a copies of which are attached hereto as Exhibit A. As grounds for said motion, the defendant states that the plaintiff's subpoena of the Allstate claim file may unnecessarily intrude upon the work-product privilege as it seeks documents and tangible things prepared in anticipation of litigation and that the plaintiff has failed to make the required showing necessary pursuant to Rule 26(b)(3).

Upon information and belief, the plaintiff seeks photographs of damage to the defendant's vehicle. Defendant's counsel has represented to plaintiff's counsel both in writing and verbally that no such photographs were taken before the damage to defendant's vehicle was repaired. Defense counsel has, however, produced a copy of the property damage appraisal.

WHEREFORE, the defendant respectfully requests that the subpoena of the keeper of records of Allstate Insurance Company be quashed and that a protective order issue pursuant to Rule 26(c)(1).

Defendant, Theodore Brother
By his attorneys,

HIGGINS, CAVANAGH & COONEY, LLP

Peter E. Garvey, Esq. #5330
123 Dyer Street
Providence, RI 02903
(401) 272-3500
Fax: (401) 273-8780

**I hereby certify that I made a good faith effort pursuant to Rule 37 to resolve this matter with opposing counsel prior to the filing of this motion.**

Peter E. Garvey, Esq. #5330

**CERTIFICATION**

I hereby certify that I mailed a copy of the within document on this 14th day of July, 2005 to:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

Fatima Rodrigues

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA FIORENTINO, Individually and as Parent and Natural Guardian of JARED DARDEEN and CODY NONNENMACHER | : | |
| VS. | : | C.A. NO. 04-501 |
| THEODORE BROTHER | : | |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS MOTION FOR A PROTECTIVE ORDER**

**A. FRCP 26(b)(3) contemplates that documents prepared by an insurer may be prepared in anticipation of litigation.**

FRCP 26(b)(3) specifically contemplates that a document prepared by an "insurer" may be prepared in anticipation of litigation:

> "Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation or for trial by or for another party or by or for that other party's representative **(including the other party's attorney, consultant, surety, indemnitor, insurer or agent)** only upon a showing that a party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable with undue hardship to obtain a substantial equivalent of the materials by other means. . ." (Emphasis added)

The work product doctrine protects documents prepared in anticipation of litigation or trial. Pacamor Bearings, Inc. v. Minedea Co. Ltd., 918 F. Supp. 491 (D.N.H. 1996) A document satisfies this element of Rule 26(b)(3) "Where in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." (Internal quotation marks

omitted.) Pacamor Bearings, Inc., Supra, at 512 *quoting* Martin v. Bally's Park Place Hotel and Casino, 983 F.2d 1252, 1258 (3d Cir. 1993). It is a well accepted rule that there is no requirement that litigation have been commenced in order for the work product doctrine to apply. Id.

In interpreting Rhode Island's R.C.P. 26(b)(3)(which is modeled after F.R.C.P. 26(b)(3)) for purposes of identifying materials prepared by the insurer in preparation of litigation, the Rhode Island Supreme Court in Firemen's Fund Ins. Co. v. McAlpine, 120 RI 744, 753 (1978) stated:

> "In our litigious society, when an insured reports to his insurer that he is has been involved in an incident involving another person, the insurer can reasonably anticipate that some action will be taken by the other party. The seeds of prospective litigation have been sown, and the prudent party, anticipating this fact, will begin to prepare his case. *See* 8 Wright and Miller, *Federal Practice and Procedure*, §2024 at 198 (1970). Although a claim may be settled short of the instigation of legal action, there is an ever present possibility of a claim's ending in litigation. The recognition of this possibility provides, in any given case, the impetus for the insured to garner information regarding the circumstances of the claim."

Suit in this matter was filed on or about November 26, 2004. Clearly any document gathered by the defendant's insurer after that date was gathered in anticipation of litigation. Further, the factual situation justifies the conclusion that the insurer's file gathered before the filing date was made in anticipation of litigation. As early as October, 2003, plaintiff's attorney gave notice to the defendant's insurer that plaintiff had been involved in a motorcycle accident with the defendant. **(Exhibit A)** On October 15, 2003, the defendant's insurer advised plaintiff's attorney of the limits of defendant's insurance policy. **(Exhibit B)**

Therefore, it was reasonable for the defendant's insurer to anticipate from the outset that litigation would arise from the incident on September 24, 2003. Accordingly, the Defendant has satisfied its burden in proving that his insurer's entire file was prepared in anticipation of a litigation.

**B. <u>The Plaintiff is not in substantial need of reviewing the defendant's insurer's file and he is not unable without due hardship to obtain the substantial equivalent of the materials by other means.</u>**

It is the plaintiff's burden to show that she is in substantial need of reviewing the file of the defendant's insurer. The defendant's counsel has represented to plaintiff's counsel that there exist no photographs of damage to defendant's vehicle. Further, defendant's counsel has produced a copy of the property damage appraisal. **(Exhibit C)** Accordingly, the plaintiff has been given access to "substantially equivalent information" as that which would be contained in photographs.

## CONCLUSION

Defendant has satisfied his burden in showing that his insurer's file was created in anticipation of litigation. The Plaintiff, however, has failed in her burden of proving substantial need for review of that file. Accordingly, the file of defendant's insurer enjoys the work product privilege and should not be disclosed.

Defendant, Theodore Brother
By his attorneys,

HIGGINS, CAVANAGH & COONEY, LLP

Peter E. Garvey, Esq. #5330
123 Dyer Street
Providence, RI 02903
(401) 272-3500
Fax: (401) 273-8780

**CERTIFICATION**

I hereby certify that I mailed a copy of the within document on this 18th day of July, 2005 to:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

Fatima Rodrigue