7/25/05: GRANTED. HOWEVER, DEFENDANT SHALL PRODUCE TO PLAINTIFF AN APPROPRIATE AFFIDAVIT FROM AN ALLSTATE REPRESENTATIVE AFFIRMING THAT NO PHOTOGRAPHS EXIST OF THE DAMAGE TO DEFENDANT'S VEHICLE.

USMJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA FIORENTINO, Individually and as Parent and Natural Guardian of JARED DARDEEN and CODY NONNENMACHER | : | |
| VS. | : | C.A. NO. 04-501 |
| THEODORE BROTHER | : | |

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO RULE 26(c)**

Now comes the defendant, Theodore Brother, and moves this Honorable Court for a protective order relative to plaintiff's notice of deposition and subpoena of the Keeper of Records of Allstate Insurance Company, a copies of which are attached hereto as Exhibit A. As grounds for said motion, the defendant states that the plaintiff's subpoena of the Allstate claim file may unnecessarily intrude upon the work-product privilege as it seeks documents and tangible things prepared in anticipation of litigation and that the plaintiff has failed to make the required showing necessary pursuant to Rule 26(b)(3).

Upon information and belief, the plaintiff seeks photographs of damage to the defendant's vehicle. Defendant's counsel has represented to plaintiff's counsel both in writing and verbally that no such photographs were taken before the damage to defendant's vehicle was repaired. Defense counsel has, however, produced a copy of the property damage appraisal.

Referred to U.S.M.J. Almond
☐ for findings & recommendations
☑ for determination
☐ __________
Ernest C. Torres, Chief Judge
Date: 7·19·05