UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARBARA FIORENTINO, Individually, and as Parent and Natural Guardian of JARED DARDEEN

VS. C.A. NO. 04-501T

THEODORE BROTHER

**OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE**

Plaintiff Barbara Fiorentino, individually, and as parent and natural guardian of Jared Dardeen objects to the Motion in Limine filed by Defendant, Theodore Brother, on the grounds that the traffic violation citation sought to be excluded by the Defendant is highly relevant, clearly admissible under Rhode Island law, and is in no way prejudicial to the Defendant except to the extent that it does not support their contentions in this case and supports Plaintiff's claims.

In support of her objection, Plaintiff relies on the accompanying Memorandum of Law.

BARBARA FIORENTINO, Individually,
and as Parent and Natural Guardian of
JARED DARDEEN
By her Attorney,

Peter P.D. Leach (#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100
Fax (401) 521-9120

**Certificate of Service**

I hereby certify that a copy of the foregoing Objection to Defendant's Motion in Limine to Exclude Evidence was mailed, via first-class, to all attorneys of record listed below at their regular business address on the 17th day of October 2005.

Gerald C. DeMaria, Esq.
Peter E. Garvey, Esq.
Higgins, Cavanagh & Cooney
The Hay Building
Providence, RI 02903

Kelly Ann Benoit

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA FIORENTINO, Individually, and as Parent and Natural Guardian of JARED DARDEEN | : | |
| VS. | : | C.A. NO. 04-501T |
| THEODORE BROTHER | : | |

**MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE**

Plaintiff Barbara Fiorentino, individually, and as parent and natural guardian of Jared Dardeen objects to the Motion in Limine filed by Defendant, Theodore Brother, on the grounds that the traffic violation citation sought to be excluded by the Defendant is highly relevant, clearly admissible under Rhode Island law, and is in no way prejudicial to the Defendant except to the extent that it does not support his contentions in this case and supports Plaintiff's claims.

Plaintiff's claims in this case arise out of the injuries she sustained when her motor scooter was cut off and struck by Defendant's vehicle on September 24, 2003 in Warwick, Rhode Island. Shortly after the accident, Officer Falcofsky, a Warwick police officer, arrived at the scene, observed the accident scene and took statements from both drivers. Based on his experience, observations and statements he issued a traffic violation citation to Defendant Brother for a laned roadway violation pursuant to R.I. Gen. Laws § 31-15-11. The required traffic fine was paid by Defendant Brother on October 27, 2003. Defendant filed this motion to exclude this evidence from the jury.

There is no legal or factual basis to exclude the evidence of the traffic violation citation and payment thereof and, therefore, Defendant's motion in limine must be denied.

## ARGUMENT

### I. The Traffic Citation is Relevant and Admissible Under Rhode Island Law.

The Rhode Island Supreme Court has consistently held that evidence of a statutory violation is evidence of negligence in a civil case. *Errico v. LaMountain*, 713 A.2d 791 (R.I. 1998) (statutory violation serves as prima facie evidence of liability which entitles plaintiff to recover unless rebutted by defendant); *Paquin v. Tillinghast*, 517 A.2d 246 (R.I. 1986)(violation of statute evidence of negligence with respect to persons it was designed to protect); *Sitko v. Jastrzebski*, 27 A.2d 178 (R.I. 1942) (although the statute or ordinance may not itself be a ground of action, the violation is prima facie evidence of negligence.)

The admissibility of a statutory violation, in this case a statutory traffic violation, is a matter of substantive negligence law in Rhode Island and has been recognized as such by the United States District Court for the District of Rhode. *See Wallace v. United States*, 335 F.Supp. 2d 252, 264-265 (D.R.I. 2004). Here, the statute prohibiting laned roadway violations was designed to protect other drivers on the roadway and accordingly, the statutory violation is admissible in Plaintiff's civil action. *Errico v. LaMountain*, 713 A.2d 791 (R.I. 1998).

There is no dispute that the traffic violation was issued by the police officer at the scene and was paid by the Defendant. Consequently, Defendant's numerous citations to deposition testimony are not material to the issue of admissibility or relevance, but merely go to the weight of the testimony and constitute rebuttal evidence. Moreover, the citations themselves distort the content and import of the deposition testimony and should be evaluated by the judge and jury in the course of the trial. In any event, contrary to Defendant's representations, it is clear from Officer Falcofsky's deposition testimony that he relied on his observation of the accident scene, the roadway and the statement from both drivers to substantiate the issuance of the traffic citation. (Deposition, p. 70)

Finally, the cases from other jurisdictions cited by Defendant have no bearing on the admissibility of the traffic violation, as the Rhode Island Supreme Court has already declared such evidence admissible in civil cases. *See Errico v. LaMountain*, 713 A.2d 791 (R.I. 1998) Additionally, some of the cases cited by Defendant address whether the traffic violation invokes the collateral estoppel doctrine, which is not pertinent to the resolution of the motion presently before the court. *See Hadley v. Maxwell*, 27 P.3d 600, 603 (Wash. 2001); *State v. Gusman*, 874 P.2d 1112 (Id. 1994).

## II. The Probative Value of the Evidence Exceeds Any Alleged Prejudice.

Defendant's contention that the prejudicial effect of the traffic violation warrants its exclusion under Federal Rule of Evidence 403 is without merit. The relevant inquiry is whether the probative value is "substantially outweighed by the unfair prejudice." *Swajian v. General Motors Corp.*, 916 F.2d 31 (1st Cir. 1990). In this regard, the First Circuit has iterated:

> We will not paint the lily. All evidence is meant to be prejudicial; elsewise, the proponent would be unlikely to offer it. It is a necessary corollary of this conventional wisdom that evidence cannot be kept from the jury merely because it hurts a party's chances. The element that triggers a need to exclude evidence under Rule 403 is not prejudice, but unfair prejudice. No such unfairness lurks in this record.

*Daigle v. Maine Medical Center, Inc.*, 14 F.3d 684, 690-691 (1st Cir. 1994) (citations omitted); *See also Espeaignnette v. Gene Tierney Company, Inc.*, 43 F.3d 1 (1st Cir. 1994) (stressing the importance of gauging the probative value of testimony and not overestimating the danger of unfair prejudice). Here, the substantial probative value of the traffic violation far outweighs any minimal prejudice. Moreover, any alleged prejudice cannot be characterized as unfair, as the Defendant will have the opportunity to address the issues raised in his motion in limine in the context of his cross examination of Officer Falcofsky and in the context of his own direct testimony.

## CONCLUSION

For the reasons set forth herein, Defendant's motion in limine to exclude evidence must be denied in all respects.

BARBARA FIORENTINO, Individually,
and as Parent and Natural Guardian of
JARED DARDEEN
By her Attorney,

Peter P.D. Leach (#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100
Fax (401) 521-9120

**Certificate of Service**

I hereby certify that a copy of the foregoing Memorandum in Support of Objection to Defendant's Motion in Limine to Exclude Evidence was mailed, via first-class, to all attorneys of record listed below at their regular business address on the __th day of October 2005.

Gerald C. DeMaria, Esq.
Peter E. Garvey, Esq.
Higgins, Cavanagh & Cooney
The Hay Building
Providence, RI 02903