UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA FIORENTINO, Individually and as Parent and Natural Guardian of JARED DARDEEN and CODY NONNENMACHER | : | |
| VS. | : | C.A. NO. 04-501T |
| THEODORE BROTHER | : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO DEFENDANT'S MOTION-IN-LIMINE TO EXCLUDE EVIDENCE**

Plaintiff's reliance on Errico v. LaMountain, 713 A.2d 791 (R.I. 1998) is misplaced, as that case is distinguishable, both in fact and law, from the case at bar. Plaintiff relies on Errico for the proposition that evidence of a statutory violation, in this case a traffic violation, is prima facia evidence of negligence in a subsequent civil case. Plaintiff's application of that principal enunciated in Errico to the case at bar is misplaced.

In Errico, a tenant, brought an action for personal injuries against her landlords. On the evening of September 18, 1989, plaintiff ventured onto the balcony of the two story home which she rented from the defendants. She put her left hand on the railing, the railing gave way and she fell fifteen feet to the ground below. Id. at 793.

In 1991, the plaintiff filed a negligence complaint against the landlords alleging that at all relevant times, the balcony area was maintained, cared for, and inspected by them and that at the time of her fall, the railing was negligently, recklessly and carelessly kept in an unsafe and defective condition. Id. At the close of the evidence, the jury returned a verdict

for the plaintiff in the amount of $100,000.00 which was upheld by the trial judge. Id. The landlords appealed on the grounds, in part, that the trial judge erroneously instructed the jury that the Residential Landlord and Tenant Act, G.L. 1956 chapter 18 of title 34, ("the act") imposed a duty on the landlords to maintain the railing in a fit and habitable condition. On appeal, the Rhode Island Supreme Court affirmed the instructions given by the trial judge and the verdict itself. In doing so, the Supreme Court concluded that the instructions given by the trial judge accurately described the duty of care owed by defendants to the plaintiff under the act. Id. at 794. Furthermore, that the trial judge properly charged the jury that:

> " . . . if it found that defendants had violated this duty imposed by the act, it 'may' consider such violations as 'evidence of their negligence' " Id. at 794.

In other words, the jury in Errico was charged, in the first instance, with determining whether a statutory violation existed. If the jury found such a violation, then, they were permitted to consider such a violation as evidence of the landlords' negligence.

In the case at bar, the plaintiff attempts to put the proverbial "cart before the horse". The plaintiff seeks to introduce as evidence the conclusion drawn by Warwick Police Officer Eric Falcofsky that the defendant violated R.I.G.L. §31-15-11. That, in effect, would take out of the hands of the jury their responsibility to make such a determination. This is a scenario that was not contemplated by the Rhode Island Supreme Court in Errico. Accordingly, Errico is distinguishable from the case at bar, both in fact and in law.

Other jurisdictions refuse to admit as evidence traffic violations in subsequent civil

cases. The Supreme Judicial Court of Massachusetts takes such a position. In LaPage v. Bumila, 552 N.E. 2d 80 (1990), the parties were involved in a two car accident at an intersection controlled by a traffic light. Id. at 80. A police officer who investigated, but did not witness, the accident issued a citation to the defendant. Id. The defendant challenged the citation and a clerk-magistrate found Bumila "Responsible" of passing on the right and failing to stop for a red light. The clerk-magistrate imposed a forty dollar ($40.00) fine, which the defendant paid. The defendant did not appeal to a judge. Id. at 82.

Subsequently, the plaintiff commenced a civil action against the defendant and at issue at the trial was who had the red light and who had the green light. Over defendant's objection, the plaintiff introduced evidence of the citation, the clerk-magistrate's finding, and the defendant's decision to pay the fine on the theory that these facts constituted an admission by the defendant that he went through the red light. Id. at 82. On appeal, the Supreme Judicial Court held that it was error to admit the evidence of the citation and remanded the case for a new trial. In so holding, the Supreme Judicial Court noted:

> "The decision to pay a $40.00 traffic citation and forego a judicial appeal does not bear a sufficient relationship to whether the paying party acquiesces in or admits to the charges recited in the citation. Common experience demonstrates that the payment of a traffic citation is simply a matter of expedience. . . it would be unfair to create a rule of law allowing the payment of such a citation to be used as an admission in a later civil trial." Id. at 83.

* * *

> "The decision to pay a traffic citation is analogous to making an offer of compromise. Such an offer cannot be considered

> an admission. . . . Paying a traffic citation, like making an offer of compromise, is too often a means of dealing with a bothersome and troubling matter to be considered an admission. . . . If the payment of a citation were an admission of liability which could be used in subsequent civil or criminal trials, the courts would be flooded with challenges of such citations. The proverbial 'flood gates of litigation' would be opened, destroying the expedited, streamlined system now in place. Therefore, we hold that it was error to admit the evidence of the citation, the clerk-magistrate's decision and Bumila's payment of the $40.00 as an admission. . . . We cannot determine what effect the evidence had on the jury, but if accepted by them as an admission, it would certainly **prejudice** the defendant's case." (Emphasis Added) Id. at 83.

## CONCLUSION

Based on the reasons outlined above, the plaintiff's reliance on the Rhode Island Supreme Court's decision in Errico v. LaMountain is misplaced. Furthermore, other jurisdictions reject flatly the introduction into evidence of traffic citations in subsequent civil actions. Accordingly, this defendant's motion in limine should be granted and evidence of, or any reference to, the traffic citation issued to the defendant should be excluded.

Respectfully submitted,
Defendant, Theodore Brother
By his attorneys,
HIGGINS, CAVANAGH & COONEY, LLP

Peter E. Garvey, Esq. #5330
123 Dyer Street
Providence, RI 02903
(401) 272-3500
Fax: (401) 273-8780

**CERTIFICATION**

I hereby certify that a I on this 20th day of October, 2005 a true copy of the within document was mailed to:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

Sara M. Cirella
_______________________